IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>JODY D. WEBB,<br><br>　　　　　Defendant. | 8:23CR215<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its written Sentencing Memorandum in advance of the sentencing hearing scheduled for January 31, 2025.

**Procedural History**

On October 17, 2023, law enforcement officers were investigating a drug trafficking organization operating in the Omaha area when they observed the defendant meet with a suspected drug courier. Directly following the meet, officers conducted a traffic stop on Jody Webb ("Webb") who was found to have approximately 2 pounds of methamphetamine in her vehicle.

The investigation revealed messages confirming that Webb had arranged the 2 pound deal with a Mexican source of supply. Lab results confirmed that one of the pounds contained 364 grams of actual methamphetamine. The parties agreed that further lab testing on the second pound would reveal that Webb was in possession of more than 500 grams of actual methamphetamine.

1

An Indictment was filed for drug conspiracy on October 17, 2023, but the defendant was not charged in it.  On January 17, 2024, the Grand Jury for the District of Nebraska returned a five-count Superseding Indictment which named Webb as one of the codefendants.  (Filing No. ¶ 61).  Webb was charged only in Count I with violating Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On January 30, 2024, the defendant had her initial appearance and a detention hearing was held.  The government did not oppose defendant's release and she was released on conditions.  (Filing No. 99; Filing No. 102).

On November 7, 2024, the defendant pled guilty to Count I of the Superseding Indictment.  The parties agreed that the defendant should be held responsible, beyond a reasonable doubt, for at least 500 grams, but less than 1.5 kilograms of actual methamphetamine and that the defendant may be safety valve eligible. The plea of guilty and plea agreement were not approved at that time, pending review of Presentence Investigation. (Filing No. 245; Filing No. 248).  The government intends to amend the plea agreement at sentencing to allow defendant to argue for variance and downward departures.

On December 19, 2024, a Revised Presentence Investigation Report and was sent to the parties calculating a Total Offense Level 29 and a Criminal History Category I, with a guideline imprisonment range of 87 months to 108 months (PSR ¶ 121). The RPSR noted the offense involved the importation of amphetamines or methamphetamines and applied a two-level enhancement (PSR ¶ 48). The RPSR also noted the defendant appears to meet the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5) so the Court shall impose a sentence in accordance with the

applicable guidelines without regard to any statutory minimum sentence. (PSR ¶ 121). The government agrees with the two-level enhancement for importation of methamphetamine, and that defendant has met the criteria and is safety valve eligible.

On January 9, 2025, the defendant filed a motion for downward variance and supporting brief requesting the Court to vary downward by applying the methamphetamine "mixture" sentencing guideline to establish her Base Offense Level, and not attributing the two-level enhancement for importation of methamphetamine. (Filing No. 265; Filing No. 266).

On January 24, 2025, a Sentencing Recommendation was sent to the parties and the Court recommending a sentence of 87 months' imprisonment.

## Sentencing

The government believes the PSR has been calculated correctly. At sentencing the government will ask the Court to follow the terms of the plea agreement and the Sentencing Recommendation of the Probation Office.

## Conclusion

At the sentencing hearing, Plaintiff will ask the Court to sentence the defendant to a term of imprisonment of 87 months.

> SUSAN T. LEHR
> United States Attorney
> District of Nebraska
>
>
> By:   s/ Thomas J. Kangior
>       THOMAS J. KANGIOR #21496
>       Assistant U.S. Attorney
>       1620 Dodge Street, Suite 1400
>       Omaha, NE  68102-1506
>       Tel: (402) 661-3700

Fax: (402) 345-5724
E-mail:  thomas.kangior@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

Lisa Mayland
U.S. Probation and Pretrial Services Officer
lisa_mayland@nep.uscourts.gov

                                    s/ Thomas J. Kangior
                                    THOMAS J. KANGIOR
                                    Assistant U.S. Attorney